## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF VERMONT.

—

### BENNINGTON COUNTY,
### BENNINGTON MAY ADJOURNED TERM,
### A. D. 1802.

—

*JONATHAN ROBINSON*, Chief Judge.
*ROYALL TYLER*, ⎱ *Assistant Judges.*
*STEPHEN JACOB*, ⎰

———— ✦ ————

### SIMEON HATHAWAY, Junior,
*against*
### STRONG, PORTER, & Co.

ACTION of account against the defendants as bailiffs and receivers.

The plaintiff demands that the defendants render a reasonable account for moneys, &c. received by them *Upon a submission of controversies by bond, and revocation by deed before award made, if the award be afterwards made,* and it directs a certain sum of money, with the costs of arbitration, to be paid by one party to the other, and releases to be executed by both at a certain day, on the award's being pleaded in bar to an action for the demands submitted, and replication of the revocation pleaded, the plaintiffs having paid the sums awarded, and the mutual releases not being executed, such payment will not be considered as a waiver by the plaintiff of his revocation of the submission.

from the 1st of *March*, 1793, to the 28th of *April*, 1795 ; and declares, that he and they were partners in a furnace in *Bennington*, and that they received as his partners, moneys, &c. of the company, to the amount of 10,000 dollars, for which, &c.

Defendants pleaded in bar, that the copartnership was dissolved by mutual consent on the 23d of *April*, 1795; and on the same day plaintiff and defendants, by their several bonds duly executed, in the penalty of 5,000*l.* lawful money, submitted all controversies, and especially the controversy respecting the furnace company concerns, to *Ebenezer Walbridge*, *David Haynes*, and *Ephraim Smith*, their award, or the award of any two of them, to be made in writing under seal, to be delivered to the parties on the first day of *August*, 1795 ; and aver, that on the first day of *August*, 1795, the three arbitrators made and published their award conformable to the submission, and it was ready to be by them delivered to the parties the same day. The award was spread on the record, and it appears that the arbitrators awarded, that the now plaintiff, *Hathaway*, should pay to the firm of *Strong*, *Porter*, & *Co.* 39*l.* 14*s.* 2*d.* the balance found, and 13*l.* 10*s.* costs of arbitration, on the 1st day of *September* then next following, and that the parties should make and execute general and mutual releases upon the payment of said sums.

That on the said 1st day of *September*, the award being in full force, the plaintiff paid the defendants the said several sums of 39*l.* 14*s.* 2*d.* and 13*l.* 10*s.* which they received by the consent and agreement of the plaintiff, in full accord and satisfaction of said award.

Plaintiff replies, that he ought not to be barred, because he says, after confessing the submission,

that on the 1st of *August*, 1795, before any award was made, he, by his deed duly executed and delivered to the defendants, and made known to said arbitrators, disannulled and revoked said submission, *et hoc*, &c. wherefore, &c.

To this replication defendants demurred. Joinder.

*Langdon*, for defendants, contended, that the replication was insufficient. He did not deny that a party to a submission had power to revoke it before an award made, but insisted, that the satisfaction made by the plaintiff, in paying to the defendants the several sums of 39*l*. 14*s*. 2*d*. the sum awarded, and 13*l*. 10*s*. costs of arbitration, was a waiver of the plaintiff's revocation.

That even if the award was made void by the revocation, yet if performance be alleged, a void award may be pleaded. *Kyd on Awards*, p. 242—246.

*Chipman, e contra*, insisted, that the *void award* mentioned by the systematic writer cited, meant an award intrinsically void; for where an award is not within the rules of law, or not strictly conformable to the submission, and might therefore be set aside, yet if the parties will proceed to comply with it by their own voluntary acts, it will amount to an accord and satisfaction, which has for its grounds the award. The opinion of the arbitrators in the form of an award has, then, no efficacy as such, but is a mere memorandum of such things as are agreed to and accepted in accord and satisfaction. But a revocation of the submission excludes the idea of any award, either void or valid.

That if the compliance with this supposititious award by the plaintiff by the payment of the money, could be considered as amounting to an accord grounded on such award, yet the defendants never having complied with the award on their part by executing a release to the plaintiff, it could not amount to a satisfaction; for an accord must be executed to avail, otherwise there will be no remedy for a non-performance. *Com. Dig.* vol. 1. p. 134. b. 4. *Allen* v. *Harris.* 1 Ld. *Raym. Rep.* p. 122. *James* v. *David.* 5 *Durnf. & East's Rep.* p. 141.

Defendants' counsel, in reply, insisted upon the revocation of the submission having been retracted on the payment by the plaintiff of the money awarded. That although the defendants had not, in pursuance of the award, released to the plaintiff on receipt of the money, yet the demand for such release existed and might be enforced in the Court of Chancery, or the plaintiff might have his damages by an action upon the bond of submission. It is true, that where an *accord* is to do several things by each party, if all are not done the accord will not be good, because no action can lie to compel the performance of that which remains to be done: but not so in arbitrament; for it is laid down by the Court in *Allen* v. *Harris*, " that an arbitrament is like a judgment, and the party may have his remedy upon it."

### Opinion of the Court.

The legal moot in this cause is narrowed to a single question : Did the plaintiff *Hathaway*, by paying the several sums mentioned in the plea in bar as

awarded by the arbitrators, do away the effect of his revocation of the submission as set forth in his replication?

The Court are decidedly of opinion that he did not. The revocation was made with equal formality with the submission, and before the award was published; and the subsequent award being published by those who had no authority to make it, can be of no force.

If the defendants meant to avail themselves of the plaintiff's acquiescence in this baseless award, so as to make it amount to an accord and satisfaction of the controversy, they should have alleged an acquiescence on their own part. The arbitrators awarded, that mutual and general releases should be executed by the parties to the submission on payment of the money, and assigned a day on which they should be executed. The defendants do not in their plea set forth, that they on their part have executed, or even offered to execute such release; and they come with an ill grace to enforce an award upon the plaintiff, with which they have not themselves complied, or offered to comply.

The Court are not prepared to say, that this revocation might not have been retracted, or that a full and complete compliance with an award made subsequent to a revocation by all parties in all things would not have amounted to an accord and satisfaction of the matters in controversy. Certainly, if parties agree understandingly to settle a controversy, and carry such agreement into effect, the Court will enforce such agreement; but this does not appear to have been the case here.

Hathaway
v.
Strong, Porter,
and Co.

Let judgment be entered, that the plaintiff's repli-. cation is sufficient, and that the defendants do account with the plaintiff.

*Robinson, Fay*, and *Chipman*, for plaintiff.
*Langdon, N. Robinson*, and *A. Selden*, for defendants.